UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE FISHER, as Personal Representative of, and Administrator of the Estate of, THEODORE DELUCIA, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | CIVIL ACTION<br>FILE NO.: _____ |

## COMPLAINT FOR DAMAGES

Plaintiff, Jane Fisher, hereby files her Complaint for Damages, showing this Court as follows:

### RENEWAL ACTION ALLEGATIONS

1.

This is a renewal action filed under O.C.G.A. § 9-2-61 and the cases interpreting it. *See Belcher v. Folsom*, 258 Ga. App. 191 (2002).

2.

On July 24, 2020, Plaintiff filed her original action against American Honda Motor Company ("AHM"), among other defendants ("Original Action"), in the

U.S. District Court for the Northern District of Georgia.

3.

Service of process was properly perfected against AHM, among others, in the Original Action.

4.

The Original Action was not void and is a valid suit that may be renewed under O.C.G.A. § 9-2-61.

5.

The Original Action was not dismissed on its merits. As such, this renewal action is not the renewal of an action dismissed on its merits.

6.

Plaintiff's Stipulation of Dismissal Without Prejudice was filed in the Original Action on July 21, 2023.

7.

This renewal action is properly filed within six months of the voluntary dismissal of the Original Action, pursuant to under O.C.G.A. § 9-2-61.

8.

The court costs in the Original Action have been paid as required by O.C.G.A. § 9-11-41(d).

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Jane Fisher ("Plaintiff" or "Fisher") is a resident of, a citizen of, and is domiciled in Fayette County, Georgia. Mrs. Fisher is the Administrator of the Estate of Theodore DeLucia.

2.

Defendant American Honda Motor Company, Inc. ("American Honda") is a California corporation that is registered to do business in the State of Georgia, and has its principal place of business located at 1919 Torrance Blvd., Torrance, CA, 90501. Defendant American Honda's registered agent for service of process is CSC of Stephens County, Inc., 597 Big A Road, Toccoa, Georgia 30577. When said agent is served with copies of the Summons and Complaint in this matter, Defendant American Honda will be subject to the jurisdiction and venue of this Court. Defendant American Honda has been properly served in this matter.

## THE PRODUCT

3.

The defective vehicle at issue is a 2006 Honda Pilot EXL (VIN 5FNYF28516B026873) (the "Honda Pilot").

## THE INCIDENT

4.

On July 30, 2018, Jane Fisher was driving the Honda Pilot southbound on Highway 85 Connector near Railroad Avenue in Fayette County, Georgia. Her father Theodore DeLucia was seated in the front passenger seat. Both she and her father were properly wearing their lap/shoulder belts.

5.

Mrs. Fisher fell asleep and struck a railroad crossing pole.

6.

As a result of the collision, the driver's front airbag deployed and Mrs. Fisher survived the collision.

7.

Unfortunately, the passenger's front airbag did not deploy, which ultimately resulted in Mr. DeLucia's death.

## INJURIES, COMPENSATORY DAMAGES, AND DEATH

8.

Mr. DeLucia was conscious during the collision, after the collision, and during the majority of his medical treatment.

9.

As a proximate result of the Incident and the conduct of AHM, Mr. DeLucia suffered severe and permanent injuries including but not limited to a traumatic cervical spine injury at C5-6 resulting in paraplegia of the lower extremities, and cardiac arrest.

10.

As a proximate result of the Incident and the conduct of AHM, Mr. DeLucia was forced to endure unimaginable physical and mental pain and suffering during the last hours of his life, a few examples of which are listed below:

(a) Interference with normal living;

(b) Interference with enjoyment of life;

(c) Impairment of bodily health and vigor;

(d) Fear of extent of injury;

(e) Shock of impact;

(f) Actual pain and suffering, past and future;

(g) Mental anguish, past and future; and

(h) A limited ability to perform normal activities.

11.

As a proximate result of the Incident and the conduct of AHM, Mr. DeLucia suffered severe emotional trauma and mental anguish.

12.

As a proximate result of the Incident and the conduct of AHM, Mr. DeLucia incurred $98,762.27 in medical bills before his untimely death.

13.

As a proximate result of the Incident and the conduct of AHM, and the severe and irreversible injuries described above, Mr. DeLucia passed away on July 31, 2018, depriving him of a life he greatly valued, and depriving him of a loving relationship with his daughter.

## COUNT I – NEGLIGENCE

14.

At all times relevant herein, AHM engaged in the business of designing, manufacturing, assembling, marketing, inspecting, testing, and/or selling (directly or through distributors) devices such as the Honda Pilot, which is intended to be used as motor vehicle.

15.

AHM marketed, tested, inspected, and/or supervised those who did so for the Honda Pilot generally. AHM has a duty to warn its customers, including Jane Fisher, of any dangerous condition, defect, or safety hazard that it knew or reasonably should have known about including, but not limited to, an occupant classification system that improperly classifies an adult as a child, whether

generally or under certain circumstances, and therefore fails to deploy an airbag in a necessary and life-saving circumstance such as the crash at issue in this case. This duty to warn extends beyond the sale of the product to the customer and continues to this day.

16.

As the designers, manufacturers, marketers, inspectors, testers, and/or sellers of the Honda Pilot and/or its component parts, AHM owed a duty of care to Jane Fisher and Theodore DeLucia, and the consuming public in general, to ensure that the Honda Pilots that they design, manufacture, and/or sell are safe and free from defects. AHM also had a duty to adequately warn owners and users of Honda Pilots, as well as the consuming public, about dangers of which they were or should have been aware of on its vehicles.

17.

AHM specifically marketed this product (and its components) as both durable and safe for its intended uses. The Honda Pilot was designed to have a long usable life and was intended to be used by people like Plaintiff and Mr. DeLucia to do precisely the types of things they were doing at the time of the incident: driving down the road with the expectation that their airbags would deploy in a crash that warrants their deployment, such as the subject crash.

18.

The Honda Pilot was both unreasonably dangerous and defective at the time it was designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold because it was unsafe for its intended and reasonably foreseeable uses.

19.

Based upon the foregoing, AHM was negligent and was the factual cause of the injuries, harm, damages, and losses of Mr. DeLucia in that it designed, tested, manufactured, and marketed an occupant classification system that could cause an adult to be improperly classified as a child, , whether generally or under certain circumstances, thereby depriving that occupant of a necessary and life-saving airbag, which is an integral safety component of Honda's occupant restraint system.

20.

The tortious conduct of AHM was not only negligent but it exhibited a wilful, reckless, and/or wanton disregard for life and property because AHM knew that its occupant classification system could cause an adult to be improperly classified as a child, whether generally or under certain circumstances, thereby depriving that occupant of a necessary and life-saving airbag, which is an integral safety component of Honda's occupant restraint system. Because of this, AHM was required to take special care and precautions that its vehicles, including the

Honda Pilot, were safe for its intended uses, over a long period of time, where special, unusual, and/or dangerous conditions could exist. Moreover, AHM had an affirmative duty to warn its users and customers about potential safety hazards its occupant classification system. This is especially true because incidents such as this could, and likely would, result in serious injury or death. AHM failed to do any of these things and breached their duties to Plaintiff and Mr. DeLucia, and their other customers and users in these, and other, respects. For this and other reasons, AHM is liable to Plaintiff for all damages allowable by law, including those stemming from their negligent design of the Honda Pilot, and punitive damages.

## COUNT II – PUNITIVE DAMAGES

21.

AHM, in designing, manufacturing, inspecting, testing, and selling the Honda Pilot and its component parts, demonstrated gross neglect and an entire want of care evidencing a reckless indifference and conscious disregard to the consequences of their actions, which included an extreme degree of risk. Plaintiff is entitled to an award of punitive damages to deter AHM from such conduct in the future.

22.

Despite AHM's knowledge of the dangerous defects in their 2006 Honda Pilots, AHM did nothing to remedy or mitigate the problem so that innocent victims like Mr. DeLucia would not be injured, maimed, or killed.

23.

As a result of AHM's callous, wanton, and reckless conduct, and their conscious indifference to the safety and well-being of users of their 2006 Honda Pilots, including the Honda Pilot, users of their 2006 Honda Pilots, and users of other vehicles that contain the same or substantially similar occupant classification systems, that contain similar defects, and the consuming public in general, numerous victims have been, or will be, injured in similar incidents over time.

24.

There is clear and convincing evidence that AHM acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for property and the safety and well-being of victims like those involved in the Incident and others so as to evidence a conscious indifference to the consequences of its acts, which included an extreme degree of risk. These actions demand and warrant an award of punitive damages against AHM that will punish it for the harm it has caused and that will deter it from similar future misconduct.

## COUNT III – ATTORNEYS' FEES AND EXPENSES

25.

AHM has acted in bad faith, has been stubbornly litigious, and has caused the Plaintiff unnecessary trouble and expense, entitling her to attorneys' fees and the expenses of litigation under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

26.

Plaintiff prays for the following relief:

(a) That she recover all legally compensable damages that were inflicted by AHM including, but not limited to, the full value of the life of Mr. DeLucia, as viewed through the eyes of Mr. DeLucia;

(b) That she recover damages in an amount sufficient to fully and fairly compensate the Estate of Mr. DeLucia for his physical and emotional injuries, his medical bills and funeral expenses, and all of his general and special damages;

(c) That punitive damages be awarded against AHM in an amount sufficient to punish it for the harm caused by its dangerous and defective products, and to deter it from similar future misconduct;

(d) That she recover pre-judgment and post-judgment interest as allowed by applicable law;

(e) That she recover her costs of suit;

(f) That AHM pay Plaintiff's attorneys' fees;

(g) That she have a trial by jury; and

(h) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of January, 2024.

                                                        **ASHBY | THELEN | LOWRY**

                                                         */s/ Drew Ashby*
445 Franklin Gateway, SE                                Andrew S. Ashby
Marietta, Georgia 30067                                 Georgia Bar No. 455020
Main: (404) 777-7771                                    Maxwell K. Thelen
Fax:  (404) 777-7772                                    Georgia Bar No. 311404
drew@atllaw.com                                         Seth A. Lowry
max@atllaw.com                                          Georgia Bar No. 867568
seth@atllaw.com

## CERTIFICATION

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).