# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANE FISHER, as Personal Representative of, and Administrator of the Estate of, THEODORE DELUCIA, deceased, | : <br> : <br> : <br> : <br> : |
| Plaintiff, | : Civil Action File No.: <br> :     1:24-CV-00280-ELR <br> : |
| v. | : <br> : |
| AMERICAN HONDA MOTOR COMPANY, INC., | : <br> : <br> : |
| Defendant. | : |

## ANSWER AND DEFENSES OF DEFENDANT
## AMERICAN HONDA MOTOR COMPANY, INC.

COMES NOW Defendant American Honda Motor Company, Inc. ("AHM"), and hereby answers Plaintiff's Complaint for Damages ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted from AHM.

### SECOND DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

1

### THIRD DEFENSE

To the extent shown by the evidence, AHM states the Plaintiff Jane Fisher, and the decedent Theodore Delucia, failed to exercise ordinary care for their own safety and, therefore, are not entitled to recover from AHM.

### FOURTH DEFENSE

Plaintiff's damages are not the proximate result of any alleged act or failure to act of AHM, and therefore Plaintiff is not entitled to recover from AHM.

### FIFTH DEFENSE

Jane Fisher and Theodore Delucia, by the exercise of ordinary care, could have avoided the consequences of any alleged act or failure to act of AHM and, therefore, are not entitled to recover from this Defendant.

### SIXTH DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than AHM, and therefore, Plaintiff may not recover damages from AHM in any sum.

### SEVENTH DEFENSE

Jane Fisher and Theodore Delucia assumed the risk of such injury or damage as they may have sustained and, therefore, may not recover from AHM.

### EIGHTH DEFENSE

At all times AHM was in the exercise of that degree of care required by law

and, therefore, Plaintiff may not recover from AHM.

## NINTH DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

## TENTH DEFENSE

There is no basis in law or fact for the imposition of punitive damages with respect to the claims of the Plaintiff against AHM.

## ELEVENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates AHM's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which damages can be awarded.

## TWELFTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates AHM's rights to protection from "excessive fines" as provided in the Eighth Amendment of the Unites States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates AHM's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore

fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

### THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

### FOURTEENTH DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against AHM would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) AHM had no notice or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice was compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject AHM to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to the Plaintiff; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards

consistent with the criteria set forth in State Farm Mutual Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); BMW of North America v. Gore, 517 U.S. 559 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990); and Matthews v. Eldrige, 424 U.S. 319 (1976) for the imposition of a punitive award.

## FIFTEENTH DEFENSE

Any attempted application of Georgia law in this case in regard to any claim for "punitive damages" against AHM would be unconstitutional for the following reasons:

(1)   AHM did nothing for which it should be punished, penalized, or deterred and, therefore any recovery of "punitive damages" against AHM would deprive it of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia.

(2)   Any recovery of "punitive damages" against AHM would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia.

(3)   Any recovery of "punitive damages" against AHM would deprive it of its right to substantive due process as guaranteed by the Fifth and Fourteenth

Amendments of the United States Constitution and the Constitution of the State of Georgia.

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages against AHM cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## SEVENTEETH DEFENSE

Plaintiff's claim for punitive damages against AHM cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of AHM, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate AHM's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

EIGHTEENTH DEFENSE

Any award of punitive damages based on anything other than AHM's conduct in connection with the 2006 Honda Pilot EXL identified in Plaintiff's Complaint, and that is the subject of this lawsuit, would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution, and would be improper under the common law and public polices of the State of Georgia, because any other judgment for punitive damages in this case cannot protect AHM against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, especially conduct that is lawful in states other than the State of Georgia. In addition, any such award would violate principles of comity under the laws of the State of Georgia.

NINETEENTH DEFENSE

To the extent that the law of Georgia permits punishment to be measured by the net worth or financial status of AHM and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of AHM in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process

and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution.

### TWENTIETH DEFENSE

Plaintiff's damages – to the extent proven – are the proximate result of acts or failures to act on the part of other persons and entities, and AHM reserves the right to ask the jury to allocate fault to those persons and entities.

### TWENTY-FIRST DEFENSE

AHM incorporates herein any and all defenses, including in particular affirmative defenses, set forth in the answers or responsive pleadings filed by other Defendants herein.

### TWENTY-SECOND DEFENSE

Plaintiff's claims against AHM are or may be barred due to lack of personal jurisdiction. AHM does not waive any arguments it has pursuant to Fed. R. Civ. P. 12(b)(2).

### TWENTY-THIRD DEFENSE

AHM states it has, or may have, further and additional affirmative defenses which are not yet known to AHM, but which may become known through future discovery. AHM asserts each and every affirmative defense as it may be ascertained through future discovery herein.

TWENTY-FOURTH DEFENSE
AND ANSWER

AHM responds to the specific numbered paragraphs of Plaintiff's Complaint as follows:

**RENEWAL ACTION ALLEGATIONS**

1.

AHM admits this is a renewal action filed pursuant to O.C.G.A. § 9-2-61. The remaining allegations set forth in Paragraph 1 of Plaintiff's Renewal Complaint constitute legal conclusions to which no response is required.

2.

AHM admits the allegations contained in Paragraph 2 in Plaintiff's Renewal Complaint.

3.

AHM admits the allegations contained in Paragraph 2 in Plaintiff's Renewal Complaint only as it relates to AHM. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Renewal Complaint which address other defendants in the Original Action, and therefore denies the same

4.

AHM admits the Original Action was not void. The remaining allegations set forth in Paragraph 4 of Plaintiff's Renewal Complaint constitute legal conclusions

to which no response is required.

5.

AHM admits the allegations contained in Paragraph 5 in Plaintiff's Renewal Complaint.

6.

AHM admits the allegations contained in Paragraph 6 in Plaintiff's Renewal Complaint.

7.

AHM admits this action was filed within six months of the voluntary dismissal of the Original Action. The remaining allegations set forth in Paragraph 1 of Plaintiff's Renewal Complaint constitute legal conclusions to which no response is required.

8.

AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Renewal Complaint and therefore denies the same.

**PARTIES, JURISDICTION, AND VENUE**

1. [*sic* 9.]

AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 [9] of Plaintiff's Renewal

Complaint and therefore denies the same.

2. [*sic* 10.]

AHM admits that its principal place of business is located at 1919 Torrance Blvd., Torrance, CA 90501 and that it maintains a registered agent for service of process in Georgia as follows: CSC of Stephens County, Inc., 597 Big A Road, Toccoa, Georgia 30577. AHM also admits it has been properly served in this matter. AHM otherwise denies the allegations in Paragraph 2 [10].

## THE PRODUCT

3. [*sic* 11]

AHM admits that the vehicle at issue in this lawsuit is a 2006 Honda Pilot EXL (VIN 5FNYF28516B026873). AHM expressly denies that this vehicle is "defective".

## THE INCIDENT

4. [*sic* 12]

Upon information and belief, AHM admits that on July 30, 2018, Jane Fisher was driving the subject Honda Pilot southbound on Highway 85 Connector near Railroad Avenue in Fayette County, Georgia and her father Theodore DeLucia was seated in the front passenger seat. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 [12] of Plaintiff's Renewal Complaint and therefore denies the same.

5. [*sic* 13]

Upon information and belief, AHM admits the allegations contained in Paragraph 5 [13] in Plaintiff's Renewal Complaint.

6. [*sic* 14]

Upon information and belief, AHM admits the allegations contained in Paragraph 6 [14] in Plaintiff's Renewal Complaint.

7. [*sic* 15]

Upon information and belief, AHM admits that the passenger's side front airbag did not deploy in this crash. Upon information and belief, AHM further admits Mr. DeLucia died as a result of this crash.  AHM denies the remaining allegations against it contained in Paragraph 7 [15] in Plaintiff's Renewal Complaint as stated.

**INJURIES, COMPENSATORY DAMAGES, AND DEATH**

8. [*sic* 16]

AHM denies the allegations against it contained in Paragraph 8 in Plaintiff's Renewal Complaint.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 [16] of Plaintiff's Renewal Complaint and therefore denies the same.

9. [*sic* 17]

AHM denies the allegations against it contained in Paragraph 9 [17] in

Plaintiff's Renewal Complaint. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9 [17] of Plaintiff's Renewal Complaint and therefore denies the same.

10.[*sic* 18]

AHM denies the allegations against it contained in Paragraph 10 [18] in Plaintiff's Renewal Complaint. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 [18] of Plaintiff's Renewal Complaint, including subparts, and therefore denies the same.

11.[*sic* 19]

AHM denies the allegations against it contained in Paragraph 11 [19] in Plaintiff's Renewal Complaint. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11 [19] of Plaintiff's Renewal Complaint and therefore denies the same.

12.[*sic* 20]

AHM denies the allegations against it contained in Paragraph 12 [20] in Plaintiff's Renewal Complaint. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 [20] of Plaintiff's Renewal Complaint and therefore denies the same.

13.[*sic* 21]

AHM denies the allegations against it contained in Paragraph 13 [21] in Plaintiff's Renewal Complaint. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 [21] of Plaintiff's Renewal Complaint and therefore denies the same.

## COUNT I – NEGLIGENCE

14.[*sic* 22]

AHM admits it is involved in the sale, distribution, and marketing of motor vehicles, such as the Honda Pilot identified in Paragraph 3 [11] above. AHM denies the remaining allegations against it contained in Paragraph 14 [22] in Plaintiff's Renewal Complaint.

15.[*sic* 23]

AHM admits it was involved in the marketing of the Honda Pilot, generally. AHM denies that it tested, inspected, and/or supervised those who did so for the Honda Pilot, generally. The remaining allegations set forth in Paragraph 15 [23] of Plaintiff's Renewal Complaint constitute legal conclusions to which no response is required.

16. [*sic* 24]

AHM admits it was involved in the marketing and sale of the Honda Pilot, generally. AHM denies that it designed, manufactured, inspected, or tested the

Honda Pilot, generally. The remaining allegations set forth in Paragraph 16 [24] of Plaintiff's Renewal Complaint constitute legal conclusions to which no response is required.

17. [*sic* 25]

AHM admits that it markets its products as safe. AHM otherwise denies the allegations against it in Paragraph 17 [25].

18.[*sic* 26]

AHM denies the allegations against it contained in Paragraph 18 [26] in Plaintiff's Renewal Complaint. AHM is otherwise without knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 [26].

19.[*sic* 27]

AHM denies the allegations against it contained in Paragraph 19 [27] in Plaintiff's Renewal Complaint.

20.[*sic* 28]

AHM denies the allegations against it contained in Paragraph 20 [28] in Plaintiff's Renewal Complaint.

**COUNT II – PUNITIVE DAMAGES**

21.[*sic* 29]

AHM denies the allegations against it contained in Paragraph 21 [29] in Plaintiff's Renewal Complaint.

22.[*sic* 30]

AHM denies the allegations against it contained in Paragraph 22 [30] in Plaintiff's Renewal Complaint.

23. [*sic* 31]

AHM denies the allegations against it contained in Paragraph 23 [31] in Plaintiff's Renewal Complaint.

24. [*sic* 32]

AHM denies the allegations against it contained in Paragraph 24 [32] in Plaintiff's Renewal Complaint.

### COUNT III – ATTORNEYS' FEES AND EXPENSES

25. [*sic* 33]

AHM denies the allegations against it contained Paragraph 25 [33] in Plaintiff's Renewal Complaint

### **PRAYER FOR RELIEF**

26. [*sic* 34]

AHM denies the allegations contained in Paragraph 26 [34] of Plaintiff's Renewal Complaint.  Responding to the subparts (a) – (h) following Paragraph 26 [34], AHM denies the allegations against it, except that AHM also requests a trial by jury.

17

27. [35]

AHM denies all allegations not specifically admitted herein.

WHEREFORE, AHM prays as follows:

(a) That all claims asserted by Plaintiff be dismissed with prejudice;

(b) That all relief sought by Plaintiff, and all other relief, be denied;

(c) That Plaintiff be ordered to pay AHM's attorney fees and costs of litigation;

(d) That it have a trial by jury of twelve persons; and

(e) That AHM have such other and further relief as the Court deems just, proper and equitable.

Respectfully submitted this 16th day of February, 2024.

WATSON SPENCE LLP

*/s/ Philip A. Henderson*
Michael R. Boorman
Georgia Bar No.: 067798
Philip A. Henderson
Georgia Bar No.: 604769
999 Peachtree Street NE
Suite 1130
Atlanta, GA 30309
Telephone: 229-436-1545
mboorman@watsonspence.com
phenderson@watsonspence.com
***Attorneys for Defendant American Honda Motor Company, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Andrew S. Ashby
Maxwell K. Thelen
Seth A. Lowry
Ashby | Thelen | Lowry
445 Franklin Gateway, SE
Marietta, GA 30067
drew@atllaw.com
max@atllaw.com
seth@atllaw.com

This 16th day of February, 2024.

                                                                                      WATSON SPENCE LLP

                                                                                       ***/s/ Philip A. Henderson***
                                                                                       Philip A. Henderson
                                                                                       Georgia Bar No.: 604769